RUDDELL, *executor, &c., v.* LANDERS.

PROMISSORY NOTES—*against public policy—assignment.* A *note*, the consideration of which was horses sold for the well understood purpose of mounting men in the rebel service, is treasonable in its inception, and void as against public policy.

The maker has the same right to set up the illegality of the consideration against the assignee as he has against the payee, there being no proof of the time when the note was assigned.

Where a note is assigned, and it does not appear affirmatively that the assignment was made *before* the maturity of the note, the defendant is entitled to all the defenses which he could have made against the note in the hands of the original holder.

In such a case, the assignment is presumed to have been made at such a time as is most to the *advantage* of the maker.

If it *appears* from the evidence that the consideration for which the note was given was *illegal*, the court, sitting as a jury, should find for the defendant.

*Appeal from Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

BYERS & COX, for appellants.

GREGG, J.

The appellee brought suit before a justice of the peace of Independence county, against the testator of the appellant, upon a promissory note, executed by the deceased to William E. Gibbs, or bearer, for $75, and transferred to appellee by delivery.

Upon the trial the justice of the peace found for the plaintiff, and rendered judgment for the amount of the note and interest. Ruddell appealed to the circuit court, and upon a trial there had, before the court, a like finding and judgment was held, and Ruddell appealed to this court.

Upon the trial in the circuit court, the appellee read the note sued upon, as evidence, and rested his case.

The appellant then introduced William Byers as a witness, by whom he proved that the note sued upon was given in part payment for certain horses, which had been purchased for the express and well understood purpose of mounting certain men, who had volunteered to engage in rebellion and war against the United States; that a company of cavalry were organizing, under the payee of the note as a captain, for that purpose, and that a part of the men had no horses, and were unable to buy, and to secure their services the maker of the note, and others, who were not engaged in the rebellion, but who wished to aid it, agreed with one Hirsch, who had horses he wished to sell for such purpose, that each of them would become responsible

for a certain amount, if he would let the unmounted men, so desiring to go into the war, have the horses; and it was agreed, between all concerned, that the horses should be furnished upon these terms, and that the said Gibbs should endeavor to collect of his soldiers, and pay over to Hirsch, &c., and that the note sued upon was given for such consideration.

There can be no question but the whole transaction was not only contrary to public policy, but was palpably illegal and treasonable from its inception, and all attempted obligations made or passed between the parties were absolutely void, as has been settled by this court, at the present term, in the case of *Tatum, et al., v. Kelley.* See *Story on Contracts,* (4th ed.,) 486 and 595; 1 *Parsons,* 393 *and* 395; *Wilamowicz v. Adams,* 13 *Ark.,* 22.

The appellant had the same right to set up the illegality of the consideration against the appellee as against the original payee. See *note in Gould's Dig., chap.* 15; *Williams v. Mathews,* 3 *Cowan,* 252; *Chitty on Con.,* 575, *and note; Swift v. Tyson,* 16 *Peters,* 1; 9 *Barbour,* 2, 14.

Upon the trial, before the court below, the appellant asked the court to declare the law to be, first, "that, unless it appears from the evidence that the plaintiff became the owner of the note sued upon before it became due, the defendant is entitled to all the defenses which he or his testator could have made against the party to whom the note was given.

2. "That the transfer or assignment of a note should be taken to have been made on such day as is most to the advantage of the defendant, unless it appears by the evidence the time, in fact, when the transfer or assignment was made.

3. "If it does not appear, in this case, when the note sued upon was transferred or assigned to the plaintiff, then the defendant can make any defense which he could have made against the party to whom the note was given.

4. "If it appears from the evidence that the consideration for which the note was given was illegal, the court, sitting as a jury, should find for the defendant."

To the declaring of which to be the law applicable to the

case, the plaintiff objected. The court sustained the objection, and refused to declare said propositions, or any of them, to be the law applicable to this case. In this the court certainly misapprehended the law. We are of opinion the appellant did not state the law as strongly in his own favor as he might have done, and that the court erred in refusing to declare the law as moved by him, as well as finding against the appellant, upon the evidence. For which error, the judgment of that court is reversed, and this case remanded.