St. Louis & San Francisco Railway Company *v.* Townsend.

Opinion delivered June 15, 1901.

1. ACTION FOR NEGLIGENT KILLING—BURDEN OF PROOF.—In an action against a railroad company for negligently killing plaintiffs' intestate the burden is on plaintiffs to prove that the killing was due to defendant's negligence. (Page 382.)

2. KILLING BY TRAIN—PRESUMPTION.—Upon proof that deceased was killed by defendant's train, the statutory presumption arises that his death was due to the defendant's negligence. (Page 382.)

3. CONTRIBUTORY NEGLIGENCE AS DEFENCE.—Although one killed by the train of a railway company upon its track is presumed to have been killed by the company's negligence, no recovery can be had therefor if the deceased was guilty of contributory negligence in being upon the track, unless his situation was discovered by the trainmen in time to avoid killing him. (Page 382.)

4. SAME—BURDEN OF PROOF.—In an action against a railroad company for negligently killing plaintiffs' intestate upon its track, where it is shown that intestate was guilty of contributory negligence in being upon the track, the burden is upon the plaintiffs to show that the defendant's employees discovered intestate upon its track in time to avoid injuring him, and willfully and recklessly killed him, unless it is shown by the evidence adduced by defendant. (Page 382.)

5. DAMAGES—ABSTRACT INSTRUCTION.—It was error to instruct the jury, in an action for negligently killing plaintiffs' father, that the jury might consider the damages sustained by the plaintiffs in the loss of their father's moral and intellectual training if there was no evidence that they would have had the benefit of such training in the event he had lived. (Page 384.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

*L. F. Parker* and *B. R. Davidson,* for appellant.

The court should have instructed the jury peremptorily for appellant. 62 Ark. 156; 49 Ark. 257; 47 Ark. 497; 36 Ark. 371. The first instruction given by the court was erroneous, in that it cast the burden on appellant to show: (1) That a constant lookout was kept. 65 Ark. 429, 434, 436; 36 Ark. 371-5; 47 Ark.

497; 49 Ark. 257; 61 Ark. 617; Beach, Contr. Neg. §§ 197, 201, 391-2; 3 Ell. Railroads, §§ 1165, 1175, 1254; 62 Ark. 619, 624. (2) That deceased was guilty of contributory negligence. 46 Ark. 182-193; 48 Ark. 106, 103; 61 Ark. 549, 555; 2 Rorer, Railroads, 1059, 1061. (3) "That it used a proper degree of care after becoming aware of the negligence on the part of the deceased." 49 Pa. St. 192; 8 Kan. 651; 57 Ark. 203. In order to authorize an instruction that a child may recover for the loss of intellectual and moral training caused by the killing of a parent, there must be proof that the parent was capable of instructing intellectually and morally. Tiff. Death by Wrongful Act, § 162, note; 18 Ill. App. 28; 52 Ill. 290; 69 Ill. 426. *Cf.* 57 Ark. 306, 314. Deceased was guilty of such contributory negligence as bars recovery. 12 Am. & Eng. R. Cas. (N. S.), 343; 12 Am. & Eng. R. Cas. 77; 19 *id.* 95; 47 Ark. 497; 52 Ark. 120; 62 Ark. 235; *id.* 245; Beach, Contr. Neg. §§ 197, 201, 391, 392; 3 Ell. Rys. § 1254; 2 Rorer, Railroads, 1059, 1061; 60 Am. & Eng. R. Cas. 159.

*Winchester & Martin* and *Mechem & Bryant,* for appellees.

The instruction as to the burden of proof of lookout was not erroneous; but even if it had been, taken in connection with the other instructions given, it could not have misled the jury, and is not reversible. 2 Th. Tr. § 2401; 56 Ark. 602; 65 Ark. 624; 65 Ark. 432; 62 Ark. 235; *id.* 164. The killing being shown to have taken place on the track of the railway company, the presumption arises of negligence on the part of the company. 65 Ark. 235; Sand. & H. Dig., § 6349; 33 Ark. 316; 49 Ark. 535; 39 Ark. 413; 42 Ark. 122; 47 Ark. 321; 53 Ark. 96; 54 Ark. 214; 52 Ark. 402; 51 Ark. 136; 59 Ark. 140; 57 Ark. 192.

BATTLE, J. R. B. Townsend was killed by a train of the St. Louis & San Francisco Railroad Company, while he was lying on its track. Flora Townsend, the widow of the deceased, for herself, and as next friend of his and her children, brought this action against the railroad company to recover the damages suffered by them by reason of his death. In the trial that followed little evidence, if any, was adduced to prove that the railroad company discovered the deceased upon its track in time to avoid killing him. The plaintiffs, however, recovered a judgment against the defendant for $1,999, and the defendant appealed.

After the introduction of the testimony in the case, the court instructed the jury that tried the issues in part as follows:

"The burden is on the defendant to show that a constant lookout was kept; yet where that is shown to have been done, and where it is also shown that the deceased has been guilty of contributory negligence, and the defendant used a proper degree of care, after becoming aware of the negligence on the part of the deceased, to have avoided the killing, then the burden is on the plaintiff to show when defendant's servants discovered the condition of deceased, or under what state of facts they did discover his condition as to being unable from intoxication or other causes to have gotten off the track."

The burden of proving the facts necessary to show that the deceased was killed on account of the negligence of the appellant and the damages suffered by them rested upon the appellees. When it was shown that he was killed by a train of appellant upon its track, the presumption was that his death was the result of the negligence of the railroad company. *Little Rock & Fort Smith Railway Co. v. Blewitt*, 65 Ark. 233. While this fact was proved, the effect of it was avoided by showing that the deceased was lying upon the track of the railroad at the time of his death. *St. Louis, Iron Mountain & Southern Railway Co. v. Leathers*, 62 Ark. 235. He was thereby shown to have been instrumental in causing his own death, and he would not have been killed if he had not been guilty of negligence. It was not incumbent upon the appellant to show that it did not discover his presence upon its track in time to avoid injuring him. By proving that the deceased was guilty of contributory negligence, it established a sufficient defense to bar recovery by the appellees, unless other facts were shown. It was not necessary for it to prove additional facts to exonerate itself from liability until the effect of the contributory negligence was overcome. This being true, it is clear that the burden was upon the appellees to show that the appellant discovered the deceased upon its track in time to avoid injuring him, and willfully and recklessly killed him, unless it was already shown by the evidence adduced by the appellant. *St. L., I. M. & S. R. Co. v. Jordan*, 65 Ark. 429, 436; *Texas, etc., R. Co. v. Hare*, 23 S. W. Rep. 42; *Lee v. De Bardeleben Coal, &c., Co.* 102 Ala. 628.

In *Little Rock & Ft. S. Railway Co. v. Pankhurst*, 36 Ark. 371, *St. Louis, I. M. & S. Railway Co. v. Ledbetter*, 45 Ark. 250, *Little Rock, M. R. & T. Railway v. Haynes*, 47 Ark. 497, *St. Louis, I. M. & S. Railway Co. v. Monday*, 49 Ark. 257, *Sibley v. Ratcliffe*, 50 Ark. 483, *St. L., I. M. & S. Ry. Co. v. Taylor*, 64 Ark. 364, and

*Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, this court in effect held that a railroad company owes no duty to a trespasser on its track or trains except the negative duty not to wantonly, recklessly, or willfully injure him after it or its employees discover his presence. In *St. Louis, Iron Mountain & Southern Railway Company* v. *Freeman,* 36 Ark. 46, it is said: "It is a plain principle of law that no railway company nor other person can be held liable for negligence when the plaintiff, by his own negligence, has contributed to the injury, unless it was a willful injury, or one resulting from the want of ordinary care on the part of the defendant to avert it after the negligence of the plaintiff had been discovered." Such a failure to use ordinary care to avoid injuring the plaintiff after his situation has been discovered rises to the grade of wanton or reckless conduct, and renders immaterial the inquiry as to the contributory negligence of the plaintiff in exposing himself to injury.

In *Georgia Pacific Railway Company* v. *Lee,* 92 Ala. 270, which was an action for injury to a wagon and team caused by a collision therewith of a train of the railway company, the court said: "The true doctrine, and that supported by many decisions of this court, as well as the great weight of authority in other jurisdictions, is that notwithstanding plaintiff's contributory negligence he may yet recover if, in a case like this, the defendant's employees *discover the perilous situation in time to prevent disaster by the exercise of due care and diligence, and fail, after the peril of plaintiff's property becomes known to them as a fact,*—and not merely after they should have known it,—*to resort to all reasonable effort to avoid the injury.* Such failure, with such knowledge of the situation, and the probable consequences of the omission to act upon the dictates of prudence and diligence to the end of neutralizing plaintiff's fault and averting disaster, notwithstanding his lack of care, is, strictly speaking, not *negligence* at all, though the term 'gross negligence' has been so frequently used as defining it that it is perhaps too late, if otherwise desirable, to eradicate what is said to be an unscientific definition, if not indeed a misnomer; but it is more than any degree of negligence, inattention or inadvertence, —which can never mean other than the omission of action without intent, existing or imputed, to commit wrong—it is recklessness, or wantonness, or worse, which implies a willingness to inflict the impending injury, or a willfulness in pursuing a course of conduct which will naturally or probably result in disaster, or an intent

to perpetrate wrong. The theory of contributory negligence, as a defense, is that, conjointly with *negligence* on the part of the defendant, it conduces to the damnifying result, and defeats any action the *gravamen* of which is such negligence. If defendant's conduct is not merely negligent, but worse, there is nothing for plaintiff's want of care to contribute to; there is no lack of mere prudence and diligence of like kind on the part of defendant to conjunctively constitute the efficient cause. Mere negligence on the one hand cannot be said to aid willfulness on the other. And hence such negligence of a plaintiff is no defense against the consequences of the willfulness of the defendant. But nothing short of the elements of actual knowledge of the situation on the part of defendant's employees, and their omission of preventive effort after that knowledge is brought home to them, when there is reasonable prospect that such effort will avail, will suffice to avoid the defense of contributory negligence on the part of, or imputable to, the plaintiff."

This doctrine is also applicable to cases like the one at bar. It being true, it more clearly appears that the burden was upon the appellees to show that appellant discovered the perilous situation of the deceased in time to have avoided injuring him, and that it failed to use ordinary care to avert the injury. The foregoing instruction was therefore erroneous, in this, that it told the jury that the burden was upon the defendant (appellant) to prove that the deceased was guilty of contributory negligence, and that it used a proper degree of care, after becoming aware of such contributory negligence, to have avoided killing him.

The circuit court also erred in instructing the jury as follows: "If you find for plaintiffs, you are instructed that in estimating the pecuniary injury, if you believe from the evidence that the widow and children of R. B. Townsend, deceased, have sustained an injury for which the defendant is liable, you have a right to take into consideration the support of the said widow and the minor children of said deceased, and the damages, if any, sustained by the minor children by the loss of the instruction and physical, moral and intellectual training of said minor children by the deceased, and also the ages of the said minor children in determining the amount of damages." It is erroneous, because it told the jury that they might take into consideration "the damages, if any, sustained by the minor children by the loss of the   *   *   * moral and intellectual training   *   *   * by the deceased."

These are proper elements to consider in estimating the pecuniary loss sustained by children by the death of their father in cases where there is any evidence to show that they would have had the benefit of such training in the event he had lived, but in this case there is no such evidence. "There was no proof tending to show that the deceased was fitted by nature or education, or by disposition, to furnish to his children * * * moral * * * or intellectual training." In the absence of such evidence the instruction should not have been given. *Illinois Central Railroad Company* v. *Weldon*, 52 Ill. 290; *Chicago, Rock Island & Pacific Railroad Co.* v. *Austin*, 69 Ill. 426.

Reversed and remanded for a new trial.