## SCHIRMER *v*. HALLMAN.

### Opinion delivered June 24, 1918.

1. EVIDENCE—VALUE OF PERSONAL PROPERTY—ASSESSMENT BOOKS.—A. sued B. for damages to his horse caused by frightening it, and thereby rendering it useless to A. *Held*, the court erred in not allowing B. to prove by the assessment books the value of the horse; the assessment books are competent evidence, but *held* the error was not prejudicial where B. did not offer to prove by the assessment books that A. had assessed the horse at a much less value than that given in his testimony.

2. AUTOMOBILES—FRIGHTENING HORSE—DUTY OF CARE.—A. sued B. for damages alleged to have resulted from the frightening of A.'s horse. The evidence showed that A. was driving over a bridge and that B. in an automobile passed him on the far side of the bridge, going in the same direction; it showed nothing to indicate that A.'s horse was frightened or about to become frightened; the evidence did show that the horse had always been gentle and unafraid of a car. *Held*, under the evidence that B. was not required to anticipate that the passing of his automobile would frighten A.'s horse, and in the absence of evidence tending to prove such fact, no duty devolved upon B., to anticipate that such would be the case, and to slow down and stop his car, if necessary to avoid an injury, which he had no reason to expect would occur.

Appeal from Howard Circuit Court; *J. S. Lake*, Judge; reversed.

*W. C. Rodgers*, for appellant.

1. It was error not to allow appellant to prove by the assessment books the value of the horse. 65 Ark. 278, 284; 30 *Id.* 362, 371. The weight to be given it was for the jury.

2. There was no proof of injury to the horse. Juries can not base their verdicts upon conjecture or speculation. 88 Ark. 231; 92 *Id.* 297; 88 *Id.* 510; 105 *Id.* 161.

3. The instructions are erroneous. An automobile has the same right on the roads as a horse and buggy. 58 Minn. 555. The burden was on appellee to show the damage; that the car struck the horse and made his market value less. The physical facts show no injury. Nor is unusual speed shown. The evidence does not support the verdict and the instructions do not state the law correctly. 79 Ark. 608, 621; 100 *Id.* 529; 85 *Id.* 464. They are abstract and also assume certain facts to be true. The evidence does not support them. 74 Ark. 19-22; 69 *Id.* 380-5. The evidence shows that appellant did slow down his car and used due care.

*D. B. Sain,* for appellee.

1. There is no error in the instructions. Unusual speed was shown.

2. The evidence shows injury and supports the verdict.

3. The assessment was a matter of record and parol testimony was not admissible of the assessed value of the horse.

4. The verdict is not excessive. No errors are shown.

#### STATEMENT OF FACTS.

This action was brought by the appellee against the appellant to recover damages which appellee alleged he had sustained by reason of the negligence of the appellant in frightening appellee's horse.

Appellee alleged that he was a helpless cripple from rheumatism; that he traveled by buggy and had trained his horse so that he could be easily driven by the appellee in his crippled condition; that he was upon a public highway in his buggy and that when he reached a certain bridge in the road he reined his horse from the road and just as the horse was leaving the road and the buggy partially out of the road, appellant's automobile, which was behind appellee's buggy and traveling in the same direction drove upon appellee's buggy at such rate of speed that before appellee could turn his horse fully

from the bridge the top of the appellant's automobile struck his horse on the nose, frightening him and damaging appellee in the sum of $350. Appellee alleged that before the occurrence his horse by reason of his training and docile condition was of much more value to the appellee than the real value of the horse, and that since the occurrence the horse was rendered practically worthless, because he had since then been unable to drive him along the public highway on account of the horse's fear of automobiles.

The answer denied specifically the allegations of the complaint.

It could serve no useful purpose to discuss in detail the evidence. Suffice it to say the evidence as to the issue of negligence and as to whether or not the appellee's horse was injured thereby in the manner alleged in his complaint, and the amount of damages, if any, which he sustained, were all issues of fact and there was evidence to sustain the verdict on those issues.

The appellee on cross-examination testified concerning the value of the horse, that he gave a mule worth $135 and $60 extra for the horse. Appellee was asked this question: "How much did you assess this horse at, Mr. Hallman?" Appellee objected to the question. The court sustained the objection, holding that it was not material. Appellant excepted to the ruling. Appellant offered to show the value of the horse in controversy by the assessment for the purpose of contradicting the appellee on this question. The court held that the assessment was not admissible, regardless of the value the assessment showed. To which ruling the defendant excepted.

Among other instructions, at the instance of the appellee, the court gave the following:

"No. 2. You are instructed that if you believe from a preponderance of the evidence that the defendant saw or could by the exercise of ordinary care have seen that the plaintiff's horse would become frightened at the ap-

·proach of his car, then it was his duty to slow down and if necessary to stop the car to avoid an injury.''

From a judgment based on a verdict in the sum of $50 rendered in favor of the appellee is this appeal.

Other facts stated in the opinion.

WOOD, J., (after stating the facts).  (1)  The court erred in not allowing the appellant to prove by the assessment books the value of the horse.  Assessment books are made up by sworn officers and as to personalty are based on the sworn statements of the property owners and they are competent evidence and were entitled to such credit as the jury might see proper to give them as to the value of the horse.  *Winter* v. *Bandel,* 30 Ark. 362-371; *White* v. *Beal & Fletcher Gro. Co.,* 65 Ark. 278-284.  If these books had shown that the appellee assessed his horse at a much less sum than the value put upon him in his testimony on the trial, the jury was entitled to consider this evidence for what it was worth as tending to contradict the appellee's testimony, and therefore as affecting his credibility.

This error, however, was not shown by the appellant to be prejudicial for the reason that the appellant did not offer to prove by the assessment rolls that the appellee had assessed his horse at a much less value than the value given in his testimony.

The court erred in giving instruction number two, at the request of the appellee.

The appellee testified that when he heard the honk of the machine he did not think it was right on him and couldn't turn around and look, he thought he would have time to cross the bridge and commenced running his mare on the side of the bridge.  When he crossed the bridge she was clear out of the road and there was just enough of the bridge to the right to keep appellee from slipping off.  He thought he had plenty of time to cross and did ''for the front wheels had crossed and the hind wheels were on the bridge and they came up and sent the buggy over into the ditch and the horse wheeled  *  *  *  and

by that time she had crossed the road and appellee got her checked up and got back into the road.''

(2) We do not discover, in this testimony as abstracted by the appellant nor in any other testimony set forth in his abstract, that there was any indication that the horse had become frightened. The testimony does not disclose any circumstances that were calculated to lead appellant to believe that appellee's horse would become frightened at the passing of the automobile. On the contrary, the testimony of the appellee was to the effect that up to the time the automobile passed his horse had been perfectly gentle and was not afraid of a car at all, until this one struck his buggy. Appellant, therefore, was not required to anticipate that the passing of his automobile *would frighten appellee's horse,* and, in the absence of evidence tending to prove such fact, no duty devolved upon appellant to anticipate that such would be the case, and to exercise ordinary care to slow down and stop his car if necessary to avoid an injury which he had no reason to suspect would occur.

The instruction was, therefore, abstract, misleading, and prejudicial. *St. L. & S. F. Ry. Co.* v. *Townsend,* 69 Ark. 380-5. See, *American Standard Jewelry Co.* v. *Hill,* 90 Ark. 78-85, and other cases in Crawford's Digest, title ''Trial.''

For the error indicated the judgment is reversed and the cause remanded for a new trial.