McClain v. Reliance Life Insurance Company.

Opinion delivered February 15, 1926.

1. Insurance—forfeitures.—Forfeitures of insurance policies are enforced only when it appears that this is the plain intent and meaning of the contract.

2. Insurance—construction of policy.—The words of an insurance policy should be taken most strongly against the insurance company employing them.

3. Insurance—extension of policy upon default.—A life insurance policy provided that, in case of default after the policy has been in force three years and the assured failed to exercise one of two other options therein provided, the policy should be extended for 3 years and 8 months; upon the date for payment of the fourth annual premium, without exercising the other options, assured paid one-half of the premium and executed a note for the balance payable 6 months after date, which provided that, if the note should not be paid when due, the policy should lapse. Held, upon default in payment of the note, the policy by its terms extended the insurance for 3 years and 8 months longer.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck*, Judge; affirmed.

STATEMENT BY THE COURT.

Med V. McClain sued the Reliance Life Insurance Company of Pittsburgh, Penn., to recover $2,000 alleged to be due him on a policy of life insurance on the life of Grace M. Roddy.

The defendant admitted the issuance of the policy and the death of the insured, but denied liability on the ground that the policy had lapsed by reason of the non-payment of the premiums.

The record shows that on the 18th day of May, 1916, the defendant issued to Grace M. Roddy a life insurance policy in which her mother is named as the beneficiary. Subsequently the insured married Med V. McClain, and, at the request of the insured, the beneficiary was changed from her mother to her husband. The annual premium on said policy was $53.06. The first premium was paid at the time the policy was delivered, and the second and third annual premiums were paid when due. By the terms of the policy the premium was due annually on the 18th day of May. The policy contained a provision which reads as follows:

"Options on surrender or lapse. After this policy shall have been in force three full years, the owner, within one month after any default, may elect (a) to accept the value of this policy in cash, or (b) to have the insurance continued in force from date of default, without future participation and without the right to loans, for its face amount, including any outstanding dividend additions, less any indebtedness to the company hereon, or (c) to purchase non-participating paid up insurance, payable at the same time and on the same conditions as this policy. * * * If the owner should not, within one month from default, surrender this policy to the company at its home office for a cash surrender value or for paid-up insurance as provided in option (a) and (c), the insurance will be continued as provided in option (b)."

On the 18th day of May, 1919, the fourth annual premium became due, and insured was not able to pay it in full. By agreement with the company, she paid one half of the premium and executed her note for the balance. The body of the note reads as follows:

"For third and subsequent years only—not to be used for second year premiums, policy No. 94556. May 18, 1919. On or before November 18, 1919, after date, without grace and without demand or notice, I promise to pay to the order of the Reliance Insurance Company of Pittsburgh twenty-six and 53/100 ($26.53) at the head

office of the company in Pittsburgh, Pennsylvania, value received, with interest at the rate of five per cent. per annum. This note is accepted by said company at the request of the maker, together with $26.53 in cash, on the following express agreement: That the insurance under policy No. 94556 issued by said company on the life of Grace M. McClain shall be continued in force until midnight of the due date of said note; that, if this note is paid on or before the date it becomes due, such payment together with said cash will then be accepted by said company as payment of the premium due on the 18th day of May, 1919, under the above policy, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that, if this note is not paid on or before the date it becomes due, it shall thereupon automatically cease to be a claim against the maker, and the said company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made, and said policy shall be considered lapsed as of the due date of said premium; that any partial payments or extensions indorsed on the reverse side of this note shall be subject to all the terms and conditions of this agreement the same as if originally included in this note; that said company has duly given every notice required by its rules or by the laws of any State in respect to said premium, and, in further compensation for the rights and privileges hereby granted, the maker hereof has agreed to waive and does hereby waive every other notice in respect to said premium or this note, it being well understood by the said maker that said company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms."

The note was not paid when due, and no part of it has since been paid. The insured died on January 27, 1924, and the defendant was notified of her death, in accordance with the terms of the policy.

The cause was submitted to the circuit court sitting as a jury, and the court found for the defendant. Judgment was rendered accordingly, and the plaintiff has duly prosecuted an appeal to this court.

*Gautney & Dudley,* for appellant.

*Gordon Frierson* and *Penix & Barrett,* for appellee.

HART, J., (after stating the facts). It is sought to uphold the judgment under the principles of law decided in *Robnett* v. *Cotton States Life Insurance Company,* 148 Ark. 199. We do not think, however, that the principles of law controlling that case have any application whatever to the facts as shown in the record in the case at bar. In the Robnett case the court recognized that the consideration of a contract of insurance is the payment of the premiums by the insured annually or otherwise, as may be agreed upon, and that, under the terms of the policy, the payment of the premiums at the date due is essential to the continuance of the contract of insurance. The policy in that case had no cash reserve or loan value, and no provision for extended insurance. Hence the rights of the parties were governed entirely by the provisions of the blue note. The blue note was not paid when due, and for that reason, by virtue of the agreement contained in it, it ceased to be a claim against the maker. The cash payment by the terms of the note was treated as the consideration for the privilege which the insured had enjoyed in the extension of his insurance beyond the period provided for under the policy. The rights of both parties, when the conditions prescribed in the blue note were not complied with by the assured, were precisely the same as if the blue note had never been given and the payment in cash had never been made.

In the present case the facts are essentially different. It will be seen by reference to our statement of facts that condition (b) provides that the assured has the right to have the insurance continued in force from the date of default, without future participation and without the right to loans, for its face amount, excluding any out-

standing dividend additions, less any indebtedness to the company. It is further provided that, if the assured shall not within one month from default surrender his policy to the company, the insurance will be continued as provided in option (b). Another clause of the policy provides that the length of the automatic extension at the end of the third year is three years and eight months. Forfeitures are only enforced when it appears that this is the plain intent and meaning of the contract, and the rule applies that the words of an instrument shall be taken most strongly against the party employing them. There being in the policy a provision for automatic extension insurance where the premium has not been paid when due, and where neither of the other options provided in the policy are exercised, it can not be considered that this provision was abrogated by the execution of the blue note, for the reason that, the policy being automatically extended by its express terms, there is no consideration for the execution of the blue note. It gave the assured no right that the policy itself did not give him. Moreover, as we have just seen, the policy contains a provision for extended insurance and provides that it shall be in force when the owner does not exercise one of the other two options provided in it. By the terms of the policy, the company expressly agrees that, if default shall be made in the payment of any premium, and the assured does not exercise one of the other two options, the policy will be automatically extended at the end of each year for a certain specified time, which is expressly named in the policy.

In the case at bar, the assured failed to pay the premium due at the end of the third year, and under the terms of the policy there was an automatic extension of three years and eight months, and there was no consideration whatever for the provision in the blue note as to the forfeiture of the policy. Hence we are of the opinion that the case is not controlled by the holding in the Robnett case, but is governed by the principles of law in

*Mutual Life Insurance Co.* v. *Henley,* 125 Ark. 372, and other cases of that character decided by this court. In one respect, the policy in the Henley case was more favorable to the assured than the one in the present case. It contained a provision that the premiums might be paid semi-annually or quarterly. The policy under consideration contains no such provision, and under it the premiums must be paid annually on the 18th day of May. The assured made a cash payment of one-half of the annual premium and gave his note for the balance. For the purposes of this decision, it may be said that the insurance company elected to apply the cash payment to the payment of the premium, and thus extended the insurance under the terms of the blue note for six months. This would have extended the insurance to November 18, 1919.

We do not wish to be understood as holding that this was the correct interpretation to be placed upon the blue note in this case, but we have simply assumed this to be so for the benefit of the assured because it is the most favorable construction to be placed upon it. Assuming this to be the correct interpretation, we have a case of insurance extended under the terms of the blue note to the 18th day of November, 1919. Now, under the terms of the policy, there is a further extension of three years and eight months. This would extend the insurance to the 18th day of July, 1923. The assured did not die until the 27th day of January, 1924. Thus it will be seen that, under the most favorable construction which might be placed upon the policy and the conduct of the company, the extended insurance expired before the death of the assured. It can not be contended that the blue note could in any event extend the insurance more than six months. Such holding would be in direct conflict with the terms of the blue note. It can not be said that the terms of the policy would extend the insurance more than three years and eight months, because, under option (b), after the policy shall have been in force three

years the assured is entitled to an automatic extension of his policy for three years and eight months. But under the terms of the policy there can be no extension for the fourth year until the whole of the fourth premium has been paid. There is no provision in the policy for any apportionment of the extended insurance, because no provision is made for paying premium except annually. If, as above stated, it can be said that the conduct of the company in accepting the cash payment for one-half of the premium could have the effect of extending the policy for six months, such conduct on the part of the company could in no way extend the period of time under the policy for insurance. The reason is that the automatic extension of insurance under the policy is governed exclusively by its terms, and under the express terms of the policy the assured would not be entitled to an automatic extension for the fourth year, which amounts to five years and nine months, until he has paid the whole of the fourth premium.

It follows that, according to the interpretation of the contract and conduct of the company most favorable to the assured, the policy expired before his death.

It follows that the judgment must be affirmed.

McCULLOCH, C.J., concurring.