JONES *v.* MODEL LAUNDRY.

Opinion delivered December 9, 1929.

*C. A. Holland,* for appellant.

*R. W. Robins,* for appellee.

KIRBY, J., (after stating the facts). It is first contended for appellant that the court erred in overruling its demurrer to the answer of appellee challenging its sufficiency, it being contended that the law does not warrant the set-off. The statute, § 477, C. & M. Digest, provides: "Nothing contained in this act shall change the nature of the defense, or prevent the allowance of discounts or set-offs, either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment." Also § 1197, C. & M. Digest, provides: "A set-off may be pleaded in any action for the recovery of money, and may be a cause of action arising either upon contract or tort." The general rule is stated in 24 R. C. L. 819, as follows: "The general rule is that the assignee of a chose in action, for the assignment of which no protection is especially provided by law, takes subject to all rights of set-off then held by the debtor against the assignor. Likewise the right of recoupment is attached to a contract and goes with it into whosoever hands the right may come to sue on the contract." See also 23 Enc. of Proc. 742, 744. In a suit between the assignee on a note against the maker, where it does not appear affirmatively that the assignment was made before the maturity of the note, the maker is entitled to all the defenses which he could have made against the note in the hands of the original owner. *Robinson* v. *Swigart,* 13 Ark. 71; *Ruddell* v. *Landers,* 25 Ark. 238. No error was committed therefore in overruling the demurrer.

There is no merit in appellant's contention that the warranty as set out in the memorandum of sale only re-

lated to the new padding and other new appliances, in stating, after mentioning them, "to carry guaranty same as new machine," the first part of the description being "1 used 24 watts flat work ironer," the obvious meaning being to guarantee the machine with the new equipment on it, "to carry guaranty same as new machine," and as though there had been no period after the word "ironer," and the whole of it had been one sentence. It is true the testimony does not show what guaranty was given with new machines, but the law implies in the purchase of a new machine a warranty that it is reasonably fit for the purpose for which it was to be used and for which it was sold. *Dyke* v. *Magdalena,* 171 Ark. 225, 283 S. W. 374; *Bixler Co.* v. *Hall,* 134 Ark. 96, 203 S. W. 257; *Indiana Silo Co.* v. *Harris,* 134 Ark. 218, 203 S. W. 581.

The undisputed testimony shows that the written guaranty was made in the memorandum contract of sale, and also the defective condition of the machine as delivered and installed, rendering it unfit for the purpose for which it was intended, in violation of the warranty, and that the damages suffered because of such condition were more in amount than the balance due on the account to the selling company purchased by appellants. The issue was fairly submitted to the jury on the instructions given, and the instructions requested by appellants were more in the nature of peremptory instructions and not clear statements of the law, and no error was committed in refusing to give them.

We find no error in the record, and the judgment is accordingly affirmed.