ATLAS LIFE INSURANCE COMPANY *v.* BOLLING.

4-2654

Opinion delivered October 3, 1932.

*Silas W. Rogers* and *C. C. Brewer,* for appellant.

*H. G. Wade* and *Gaughan, Sifford, Godwin & Gaughan,* for appellee.

BUTLER, J. This suit was instituted by the appellee to recover benefits for total and permanent disability under the terms of a policy of insurance issued to him by the appellant company. In the complaint appellee alleged in substance that the policy sued on had been at all times since the date of issuance and delivery to him in full force and effect, and that, while it was in force and effect, he became totally and permanently disabled so as to prevent him from engaging in any remunera-

tive occupation or performing any work; that the appellant company had denied liability, and that under the terms of the policy he was due the sum of $25 per month from the date of his disability. He prayed judgment for that amount and 12 per cent. penalty and reasonable attorney's fee.

The appellant answered denying the material allegations of the complaint and specifically denying that the appellee had at all times done and performed all things required of him to keep his policy in full force and effect, and that, since the date of the issuance of the policy or at the time of the filing of the answer, it was in full force and effect. The appellant subsequently filed an amendment to the answer in which it alleged that the policy was obtained through fraud on the part of the appellee, in that he had made false statements in his application on June 20, 1930, wherein he stated that he was in good health on that date; that this statement was not true as the alleged injury to the appellee was sustained on June 18, 1930, before the date of the application for, and issuance of, the policy.

On these pleadings and the testimony adduced the case was submitted to the jury which returned a verdict for the appellee for the sums sued for. Thereupon the court entered judgment for the sums found by the jury and for a 12 per cent. penalty and attorney's fee. From that judgment is this appeal.

One of the contentions made by the appellant is that the undisputed testimony shows that the injury out of which appellee's disability grew occurred on a day in June before the application was made for insurance and before the policy was issued and delivered, and that therefore, under the terms of the policy, no recovery could be had, and, if the evidence as to the date of the injury was not wholly uncontradicted, the great preponderance of the testimony was to the effect that the injury occurred before the date of the application, and that appellant was entitled to have that issue submitted

to the jury under its requested instruction No. 2 which in effect told the jury that, although the appellee (plaintiff) was wholly and permanently disabled within the meaning of the policy, yet, if the cause for said total and permanent disability resulted from an injury received prior to his application, there could be no recovery.

We have examined the contract of insurance with care, and are of the opinion that the construction placed upon it by appellant is not warranted by its terms. That part of the clause of the policy on which this suit is predicated provides as follows: "After one full annual premium shall have been paid upon this policy, and before default in the payment of any subsequent premium, if the insured shall furnish the company with due proof that he has since such payment * * * become wholly disabled by bodily injury or disease, not occasioned by military or naval service * * *, so that he is, and presumably will be, thereby permanently, continuously and wholly prevented from engaging in any occupation for remuneration or profit, or performing any work, and that such disability has then existed continuously for not less than ninety days, * * * the company will pay to the insured * * * a monthly income of $10 for each one thousand dollars face amount of insurance."

The above clause does not provide for exemption from liability where the cause of disability occurred prior to the date of the policy. If the insurer had so desired, it could have in plain terms made the provision for which it now contends, but, for us to sustain the contention made, we would have to write something into the policy which it does not in fact contain. It is well settled that policies of insurance must be interpreted according to the plain import of the language used, and where there is an ambiguity or a question of doubt arises, it must be construed in favor of the policyholder. *McClain* v. *Reliance Life Ins. Co.*, 170 Ark. 478, 280 S. W. 15; *Great American Cas. Co.* v. *Williams*, 177 Ark. 87, 7 S. W. (2d) 975; *Fowler* v. *Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S.

W. (2d) 611. Therefore, although the injury which after resulted in total disability occurred before the application for insurance was made, this would not of itself prevent a recovery.

We are of the opinion, however, that the court erred in the giving of its instruction No. 1, which in effect told the jury that it should determine from all the facts and circumstances in evidence whether the policy of insurance was delivered to the plaintiff while he was in good health, and that the burden was upon the defendant to establish the fact that he was not in good health when the policy was delivered. It must be remembered that the defendant denied in its answer that the policy was in force, and that, by the terms of the entire contract, in order for the policy to be effective, the insured must have been in good health at the time of the delivery of the policy. In the case of *New York Life Ins. Co.* v. *Mason*, 151 Ark. 135, 235 S. W. 422, 19 A. L. R. 618, the court said: "The plaintiff alleged in the complaint that the policy was executed and put in force, and this was denied in the answer, and it was an essential part of the plaintiff's case to prove that there had been a delivery of the policy in compliance with the stipulation that the policy should not be in force until delivery to the assured while in good health and upon the payment of the premium." Under the authority of that case it is clear that the burden rested upon the plaintiff not only to prove delivery of the policy and payment of the premium, but that the assured was in good health at the time of the delivery of the policy.

The court gave instruction No. 3 over the objection of the appellant, as follows: "You are instructed that if you find from a preponderance of the evidence that the application for insurance issued by defendant to plaintiff was prepared by the agent for the insurance company and the doctor selected by the insurance company; and, if you believe that the plaintiff truthfully answered all questions asked him by the company's agent or examining physician, or if you find that the

material statements appearing in said application which it is now claimed are false, were written into said application by said agent or doctor for the insurance company, and were statements not made by plaintiff, or if you believe that the true facts alleged to be false statements were known to the doctor or agent of the insurance company, then you are told that such misstatements will not avoid the policy of insurance sued on." It will be seen that in the above instruction the jury was told that if the statements in the application were not made by the plaintiff, or if made and if false and known to the doctor or agent of the insurance company, then such misstatements would not avoid the policy. In response to that instruction, after it was given over the objection of the appellant, the appellant requested an instruction to the effect that if the agent and the applicant entered into a collusion to conceal facts with reference to a prior injury the verdict should be for the defendant. In commenting upon this instruction counsel for the appellee insist that it was properly refused because there was no evidence in the record showing that there was any collusion between the appellant's soliciting agent and the applicant, or any effort made by any one to conceal any facts from the insurance company. This contention we find to be correct. There is no evidence that there was any collusion between the doctor or agent of the insurance company and the applicant to conceal the facts or any knowledge on the part of the agent or doctor that any misstatements were made. Neither was there any evidence that either of them wrote any answers to the questions in the application not made by the applicant himself. On this branch of the case, the applicant testified that he did not remember what the statements were, but simply stated that whatever statements he made were true. He also testified that he did not remember the date of his injury. Therefore, that part of instruction No. 3 was abstract, and we are unable to say how it might have influenced the jury. It would indicate to the jury that

there was in the mind of the presiding judge some evidence to the effect that the agent did not write the answers as made by the applicant, and also that, if the applicant did make the answers as written, the agent knew they were false. This might have had a tendency to mislead the jury and induce them to indulge in conjecture. Therefore, we think the error was prejudicial. *Schirmer* v. *Hallman*, 135 Ark. 5, 204 S. W. 606; *St. Louis, S. F. R. Co.* v. *Townsend*, 69 Ark. 380, 63 S. W. 994; *Mo. Pac. Rd. Co.* v. *Kirby*, 152 Ark. 90, 237 S. W. 687; *Wisconsin & Ark. Lbr. Co.* v. *McCloud*, 168 Ark. 352, 270 S. W. 599.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.