NEW YORK LIFE INSURANCE COMPANY v. MASON.

Opinion delivered December 19, 1921.

1. INSURANCE—DELIVERY OF POLICY.—Where a life insurance policy was mailed by the insurance company to its local agent with instructions to collect the premium and to see that the assured was in good health before delivery of the policy, the mailing of the policy to the agent did not constitute a constructive delivery nor put the policy into force without actual delivery to the assured in person.

2. INSURANCE—DELIVERY OF POLICY—SUFFICIENCY OF PROOF.—Where a life insurance policy stipulated that the policy should not be in force until delivery to the assured while in good health and upon payment of the premium, proof that the company mailed the policy to its local agent, and that the local agent held assured's short-term note for the premium, was insufficient to prove that the policy was delivered to assured.

3. INSURANCE—DELIVERY OF POLICY ON SUNDAY.—Where a policy of life insurance was delivered to the assured by the insurer's local agent on a Sunday and was returned by him to the agent, with the request that he keep it for him, and the assured was killed the next morning, the delivery on Sunday being invalid, there was no ratification by retaining the policy until the following morning.

4. INSURANCE—DELIVERY OF POLICY—BURDEN OF PROOF.—Where, under the pleadings, plaintiff was bound to show that, notwithstanding the fact that the insurance policy sued on was not in the possession of plaintiff nor in the possession of assured at the time of his death, there was one duly issued and put in force by the defendant, and where the proof introduced by plaintiff showed that the alleged delivery was made on a Sunday, her case failed unless she further proved that there was a subsequent ratification.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. H. Dudley,* Judge; reversed.

*Ewing, King & Ewing,* and *Little, Buck & Lasley,* for appellant.

The court erred in refusing to instruct that Sunday contracts are void unless subsequently ratified.     29 Ark. 387; 106 Ark. 568.

The court also erred in refusing to charge that the retention of the policy by appellant's agent on Monday

would not be a ratification of a Sunday contract, and in giving an instruction to the contrary.

*Davis, Costen & Harrison,* for appellee.

The premium was paid. 94 Ark. 578.    The mailing of the policy of insurance to its agent. Humphries constituted a delivery.    97 Ark. 229; 129 Ark. 137; 116 Ala. 659; 67 Am. St. Repts. 154; 42 L. R. A. 88; 101 Fed. 33.    The mailing of an insurance policy to the insured, although to the wrong address, constitutes a delivery.    97 Ark. 229.    Actual manual delivery is not necessary.    222 S. W. 1064; 14 R. C. L. 898; 111 Ark. 173; 163 S. W. 1188; 129 Ark. 137; 116 Ala. 659; 67 Am. St. Repts. 154; 42 L. R. A. 88; 101 Fed. 33; 21 Ky. L. Rep. 717; 52 S. W. 959; 68 S. C. 387; 47 S. E. 681.

Contract not void because made on Sunday.    37 Cyc. 552; 61 Ark. 216.

Contracts made on Sunday may be ratified on a secular day.    106 Ark. 568; 85 Ark. 471; 44 Ark. 74.

The contract, although made on Sunday, was not pleaded as a defense.    81 Hun 178; 30 N. Y. Supp. 697; 2 Standard Ency. of Procedure, 37; 73 Ark. 221; 28 Ark. 502; 104 Ark. 79; C. & M. Dig., sec. 1194; 68 Iowa 526; 27 N. W. 507.

McCULLOCH, C. J.    This is an action instituted to recover on a life insurance policy alleged to have been issued by defendant, New York Life Insurance Company, insuring the life of Frank B. Mason in the sum of $5,000, and for double that amount if death should result directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause.    The policy is alleged to have been made payable to Ruth Mason, wife of the assured, and the suit was brought in her name.    She recovered judgment below, and since the appeal was prosecuted to this court she died and the cause has been revived in the name of the special administrator.

The policy of insurance, at the time of the commencement of the action, was not in possession of the

plaintiff and was in possession of the defendant, but it was alleged in the complaint that the policy had been duly executed and put into force, and there was a prayer in the complaint that the defendant and its agents be required to file the original application and policy and all correspondence and papers relating thereto. Interrogatories appended to the complaint related to the alleged issuance of the policy, the date thereof, to whom forwarded, etc. The defense, among others, is that there was never any valid delivery of the policy so as to put it into force and effect.

The defendant introduced no testimony at the trial of the cause, but the interrogatories answered pursuant to the demand in the complaint, and the papers filed therewith, were introduced in evidence by the plaintiff.

It appears that the application for the insurance was made by Frank B. Mason on December 7, 1918, to W. J. Humphries, one of the defendant's soliciting agents. The application was made at Blytheville, where Humphries was soliciting insurance and where Mason resided, and the medical examination was made on the same day and was forwarded through the Memphis office, under which Humphries was operating, and was received at the home office on December 16, 1918. The application signed by Mason contained a stipulation that the insurance should not take effect "unless the first premium is paid and the policy is delivered to me and received by me during my life time and in good health." The policy was duly written up, signed and countersigned at the home office and forwarded to the Memphis office for delivery, and was mailed out from the Memphis office to agent Humphries at Blytheville on Saturday, December 21, 1918. Mason was shot and killed at his farm, about 6 miles distant from Blytheville, at or about 9 o'clock Monday morning, December 23. The correspondence introduced in evidence by the plaintiff shows that Humphries immediately returned the policy and reported it as undelivered.

The contention of plaintiff in the trial of the cause was that the policy was delivered on Sunday afternoon, December 22, 1918, and testimony was introduced to prove circumstances which tended to establish her claim that there was a delivery made at that time. A witness was introduced who testified that Mason was out at his farm in a car Sunday afternoon, and that witness came back to town with him, and they met a man on the streets who approached Mason in relation to the delivery of an insurance policy, and that Mason told the man to keep it for him, as he was in a hurry at that time.

Conceding, without discussing the evidence at length, that it was sufficient to show that Humphries on the Sunday afternoon mentioned, tendered the policy to Mason, and that Mason accepted the policy but left it, for his own convenience, in the possession of Humphries, constituting the latter his agent so as to make a constructive delivery, the question in the case remains whether or not the delivery of the policy on Sunday put the insurance into force and whether the delivery, if not valid on that day, was subsequently ratified. There was no claim, or effort to prove, that there was a delivery of the policy at any other time or under any other circumstances than as specified above.

The court instructed the jury that the delivery of the policy on Sunday did not constitute a valid delivery so as to put the contract of insurance into force unless it was found that "thereafter, and on some day other than Sunday, the said Humphries held the policy in pursuance of the agreement, if any, with Mason for him and for his use and benefit."

It is contended by counsel for plaintiff that the mailing of the policy from the Memphis office to Humphries constituted a constructive delivery and put the policy into force without an actual delivery to the insured in person. This would be true if the policy was mailed to Humphries unconditionally for the sole pur-

pose of delivery to the assured, but such is not the effect of the transaction if the policy was mailed to the agent of the insurer for the performance of specified duties in making the delivery of the policy. *National Life Assn.* v. *Speer,* 111 Ark. 173; *Missouri State Life Ins. Co.* v. *Burton,* 129 Ark. 137.

There is no evidence to show that the policy was mailed to Humphries unconditionally for the mere purpose of delivery without having any other duties to perform. The printed instructions filed with the interrogatories on plaintiff's demand show that the agent was to receive the policy as the agent of the insurer, to collect the premium and to see that the insured was in good health before delivery of the policy, otherwise to return it to the insurer. It is true that there is some evidence tending to show that the printed instructions thus filed were promulgated on January 1, 1919, after the death of the assured, but even if it be conceded that there is doubt on that point, it leaves the record without any testimony as to Humphries' instructions, and the burden was on the plaintiff to show that the delivery was made by mailing of the policy unconditionally to Humphries for that purpose. The plaintiff alleged in the complaint that the policy was executed and put into force, and this was denied in the answer, and it was an essential part of plaintiff's case to prove that there had been a delivery of the policy in compliance with the stipulation that the policy should not be in force until delivery to the assured while in good health and upon payment of the premium. The only proof in relation to the payment of the premium was that a short-term note was executed by Mason to Humphries for the premium, payable on delivery of the policy, and that Humphries destroyed the note after the death of Mason, when he returned the policy to the company.

The discussion recurs, then, to the question whether or not the alleged delivery on Sunday was void, and, if

so, whether or not there was a valid ratification thereof. The court, as before stated, instructed the jury that the delivery on Sunday was void, and it must be assumed that the jury based its verdict on a finding that there was a ratification. It has often been held by this court that all contracts executed on Sunday are void. In the first case on that subject, *Tucker* v. *West,* 29 Ark. 386, there was an extended discussion in the opinion delivered by Chief Justice ENGLISH. There is no reason for holding that this rule is not applicable to insurance contracts; in fact, it has been held to be thus applicable. 4 Joyce on Insurance, sec. 2534; *Heller* v. *Crawford,* 37 Ind. 279. The written policy is merely evidence of the contract, and under the stipulations contained in the application it was not consummated until the writing was delivered. Hence the delivery of the policy on Sunday, even though the policy was dated on another day, made it a Sunday contract and unenforceable. Counsel for plaintiff undertake to sustain the validity of the delivery on the ground that it constituted a bailment, but the policy is the written evidence of the contract and is not in any sense, as between the insurer and the insured, a bailment. It is contended that, as between the assured and Humphries, the redelivery of the policy to the latter was a mere bailment, but the answer to this contention is that the question of redelivery of the policy to Humphries is not the turning point of this case, for that is not the act upon which the validity of the contract depends. The case is the same as if the policy had been kept by Mason himself when offered to him by Humphries, and the question is whether or not this was a valid delivery. The trial court was correct, as an abstract proposition of law, in holding that a Sunday contract may be subsequently ratified. We have so held in the many decisions of this court on the subject, beginning with *Tucker* v. *West, supra,* and coming down to the latest case on that subject, *Planters' Fire Ins. Co.* v. *Ford,* 106

Ark. 568. There is, however, no fact or circumstance in this case which can justify the inference of a ratification of the unlawful delivery on Sunday. The undisputed facts are that after the alleged delivery of the policy on Sunday afternoon, Mason left it in the hands of Humphries and at once returned to his farm, where he remained until he was shot and killed, about 9 o'clock the next morning. The mere retention of the policy, even by the assured himself, for an unappreciable length of time after the passing of the Sunday on which it was delivered, would not constitute a ratification. If delay in disaffirming or repudiating the delivery would alone, be sufficient to constitute a ratification, it certainly would have to be for an unreasonable length of time, and the short time shown in this case could not come under that rule. There was no opportunity to either ratify or disaffirm the illegal delivery. If it be held that the short time in this case was sufficient, it would necessarily result that if there was no repudiation one hour or one minute after the expiration of the Sabbath day, it would constitute a ratification. The policy itself being yet in the hands of Humphries and he being still the agent of the insurer, even though the illegal delivery had been constructively made, he repudiated the delivery by returning the policy to the insurer. We think there was no valid delivery nor ratification under the undisputed facts, and the court erred in submitting to the jury the question of ratification.

Finally, it is contended by counsel for plaintiff that the question of the illegality of the delivery was not raised in the pleadings. This contention is unsound for the reason that the denials of the answer were as broad as the allegations of the complaint and distinctly put in issue the question whether or not there had been a contract entered into between the parties. As before stated, it was part of the plaintiff's case under the pleadings to show that, notwithstanding the fact that the policy was not in possession of the plaintiff, nor in

the possession of the assured at the time of his death, there was one duly issued and put in force by the defendant, and when the proof introduced showed that the alleged delivery upon which the plaintiff depended to make out a case was on Sunday, her case failed unless she further proved that there was a subsequent ratification.

It follows from what we have said that the evidence in the case shows that the plaintiff was not entitled to recover, so the judgment must be reversed and the cause dismissed.