SIOUX FALLS MOTOR CO., Respondent, v. STYKE, Appellant.

(235 N. W. 111.)

(File No. 7082. Opinion filed February 19, 1931.)

*James O. Berdahl,* of Sioux Falls, for Appellant.

*T. R. Johnson,* of Sioux Falls, for Respondent.

CAMPBELL, J., Plaintiff instituted the action below in claim and delivery to recover the possession of a certain automobile. Possession thereof was taken at the time of the institution of the action, and defendant did not rebond. The complaint is very brief, alleging merely the corporate existence of plaintiff; that plaintiff is entitled to the immediate possession of the automobile in question and alleging the value thereof; that the same is wrongfully and unlawfully detained from plaintiff by defendant; that demand for possession has been made and refused. The prayer is for possession and damages for detention.

The answer admits the incorporation of plaintiff and interposes a general denial. Then, by way of a second defense, the answer again admits the incorporation of plaintiff, and proceeds to admit the execution of a contract, the execution of which is nowhere alleged in plaintiff's complaint, by the use of the following language: "That he admits the execution of a contract in form substantially as set out in plaintiff's complaint; but alleges that said contract was made, executed and fully completed, signed and delivered to said plaintiff by defendant on a Sabbath day, to-wit: on the 9th day of June, 1929, and therefore is void and of no effect."

For a third defense the answer again admits the execution of the same contract; alleges that it was executed on Sunday and is therefore void; and alleges that the contract was for the purchase and sale of the automobile, possession of which plaintiff seeks to recover and tenders to plaintiff "a return of the said automobile in plaintiff's complaint described, upon restoration to defendant of the property delivered in exchange therefor or its equivalent in cash."

The case came on for trial to the court without a jury, and the judgment of the court, pursuant to findings of fact and conclusions of law, was that plaintiff was entitled to the immediate possession of the automobile in question. No damages were awarded for detention.

From this judgment and from the denial of his motion for new trial, defendant has appealed.

 Appellant maintains that the contract in question, although dated upon a Saturday, was in fact executed and delivered upon the ensuing Sunday and is therefore utterly void. Respondent contends that the transaction actually occurred on Saturday, in accordance with the purport of the date of the instrument. Whether the contract in question was executed and delivered upon Sunday or not, subsequent transactions between the parties in this case were ample to constitute a ratification thereof. Although the authorities are somewhat conflicting, it is, we believe, the better rule that a contract executed on Sunday is subject to ratification by acts of the parties on a subsequent secular day. See New York Life Ins. Co. v. Mason, 151 Ark. 135, 235 S. W. 422, 19 A. L. R. 618.

"Taking the weight of authority as a basis, the better rule undoubtedly is, that though a contract entered into on Sunday is void, or at least voidable, yet if it is ratified upon a secular day, it then becomes as valid and binding as thought entered into in the first instance upon a week day. A great many cases hold that a contract made on Sunday is void, but that the parties thereto may, on a subsequent week day, affirm, adopt, and ratify the terms of the previously inoperative contract, and so become bound to perform them." Monographic note, 59 Am. St. Rep. page 638, at page 642.

 Appellant also predicates error upon the refusal of the trial court to permit certain cross-examination by appellant of two witnesses of respondent, concerning which situation the facts are briefly as follows: The record plainly shows that respondent sold the automobile in question to appellant upon a conditional sales contract, by the terms whereof respondent retained title until all payments were completed and was entitled immediately to take possession of the property in case of default in promised payments, and that it was a breach of the conditions of that contract on his part to be performed by appellant upon which respondent relied for its immediate right to the possession of the automobile at the time of the institution of the present action as alleged in its complaint therein. At the trial the first witness called by respondent in proof of its case was the appellant himself, called as an adverse

witness. The original sales contract, marked by the reporter as Exhibit 1, was shown to respondent, and he was interrogated concerning it. Very shortly thereafter, there was offered and received in evidence, not Exhibit 1, but Exhibit 4, being a certified copy of the sales contract in question duly certified by the register of deeds in whose office a duplicate original had been filed. Thereafter respondent called as a witness one Fouts, its assistant sales manager, who testified without any objection on the part of appellant: "The plaintiff company was the owner and holder of the sales contract of which Exhibit 4 is a certified copy at the time of the commencement of this action and has been the owner and holder ever since said time."

Thereupon, on cross-examination, appellant interrogated the witness Fouts as follows:

"Q. Is it not a fact that your company shortly after this contract was received by you made an assignment of it to the General Motors Acceptance Corporation?"

"Q. I will ask you this, if it is not a fact that this sales contract was re-assigned to the plaintiff company by the General Motors Acceptance Corporation long after the commencement of this action?"

Objections to both of these questions were sustained by the court. Later one Rockvam, sales manager of respondent, testified without objection as follows: "The plaintiff company was the owner and holder of the sales contract at the time of the commencement of this action. It has been such owner ever since that time."

Upon cross-examination of the witness Rockvam, appellant addressed to him the same two questions which had been previously asked of the witness Fouts. Objection was again made by respondent and sustained.

It is undoubtedly the rule that a plaintiff in claim and delivery should establish his right to possession of the personalty involved as of the time of the commencement of the action. It is also our opinion that the cross-examination of respondent's witnesses on the part of appellant was unduly restricted by refusing to permit the questions above set forth to be answered. See Hawley v. Bond, 20 S. D. 215, 105 N. W. 464; Jerke v. Delmont State Bank, 54 S. D. 446, 223 N. W. 585.

Under all the circumstances of this case, however, we are constrained to hold that such error was highly technical in nature and not prejudicial to any substantial rights of the appellant. It will be noted that the conditional sales contract in question first appears in the pleadings of this case in the answer of appellant. When the complaint was served, appellant appears to have been thoroughly advised that the claim of respondent to right to immediate possession of the automobile in question was based upon the conditional sales contract referred to and upon respondent's ownership thereof. Appellant, when setting out the contract in his answer and admitting the execution thereof, made no attempt to claim that respondent was not at that time the owner and holder of the contract, and in fact tacitly admitted and affirmatively recognized that respondent was such owner and holder by offering to deal with respondent as such owner and holder and tendering a return of the automobile in question to respondent as such owner and holder of the contract. It further clearly appears from the record in this case that respondent was beyond question the owner and holder of the contract at the time of the trial. It also further appears without question that at the time of the commencement of the action appellant was in default on the contract and was not entitled to retain possession of the automobile. On the contrary, whoever was in fact the owner and holder of the contract in question, whether respondent or some one else, was entitled to the possession of the automobile as against the appellant. It is further apparent that the automobile was not in possession of the appellant at the time of the trial, but was in possession either of respondent or of the sheriff. Even assuming that it appeared from the evidence, which it did not, that respondent was not entitled at the trial to a judgment decreeing possession because respondent was not the owner of the contract in question at the time the action was started, nevertheless it is equally true that the court could not have entered judgment at the trial awarding possession of the automobile to appellant because it affirmatively appeared that appellant was not entitled to the possession thereof, either at the time the action was started or at the time of the trial. Barney v. Brannan, 51 Conn. 175; Ingraham v. Martin, 15 Me. (3 Shep.) 373.

There is no proof in this case that the contract in question was not owned and held by respondent when the action started and

all the admitted evidence is that it was so owned and held. It affirmatively appears by the answer that appellant never intended to raise any such issue. Appellant made no attempe in any manner to follow up or establish the inference which was the basis for the cross-examination denied. The right of respondent to possession at the time of trial is clear. If the present proceeding were reversed and dismissed, respondent could immediately start its action over again, and would be fully entitled to be awarded the same identical relief which it has now received, and appellant's position would be in no manner or fashion whatsoever improved. Under these circumstances, to reverse the case because of the trial court's error in unduly restricting appellant's cross-examination of respondent's witnesses would be a sheer travesty upon justice. We are not willing to reverse this case and send it back in order to have everything done over again when the only result that could thereby be accomplished would be to bring the parties out for a second time exactly where they now are. We think it plain that the court erred in its ruling, but we think it equally plain, under the facts and circumstances of this particular case, that the error complained of was not prejudicial and should not be permitted to work a reversal.

The judgment and order appealed from are therefore affirmed.

POLLEY, P. J., and BURCH, ROBERTS, and WARREN, JJ., concur.