SPRINGFIELD LIFE INSURANCE COMPANY v. SLAUGHTER.

Opinion delivered April 27, 1931.

*Duty & Duty* and *Brewer & Cracraft*, for appellant.
*Jo M. Walker*, for appellee.

HUMPHREYS, J. This appeal is an appeal from a judgment for $500, statutory penalty and attorney's fee recovered by appellees against appellant in the circuit court of Phillips County upon a life insurance policy issued on June 27, 1931, to Sam Butler, in which appellees were the beneficiaries. When the testimony in the trial court had been concluded, appellant requested an instructed verdict in its favor, which the court refused, over its objection and exception.

Appellant contends that the trial court erred in refusing to peremptorily instruct a verdict for it, and requests a reversal of the judgment for that reason.

The policy sued upon contained the following provision:

"This policy is issued in consideration of the application of the insured which is made a part of this contract, a copy of which is attached hereto, etc."

The application, made a part of the contract, contained the following questions, answers, and provisions:

"Are you in good health? If not, state facts fully. Yes.

"Have you ever had or do you now have any of the following diseases? Dropsy—No.

"All the statements as to my physical condition, age, nationality and occupation are true and correct and are made to enable me to obtain life insurance in the Springfield Life Insurance Company. I further covenant and warrant that I have read each of the foregoing questions and answers before signing my name to this application and each of said answers are full, complete and true in every particular and are only statements and answers upon which this application for insurance is made.

"I further agree that if it should develop that I have misrepresented any material fact covered by the above interrogatories or failed to make full disclosures of any material fact, the policy shall be null and void.

"The applicant assumes the entire burden of making full disclosures and true statements and revelations as to his bodily condition and history and of fully informing himself with reference thereto before signing and delivering this application; and further expressly agrees that no lack of knowledge with reference thereto shall to any extent whatsoever excuse him from any error or misrepresentation made herein."

The provisions of the policy set out above clearly made the answers relating to the health of the insured warranties and not mere representations. They were in the nature of an absolute agreement and not statements of belief. This construction of the contract leaves only one question to be determined here, and that is whether the undisputed evidence reflects that the insured was in bad health when the application for the policy was made. The undisputed testimony discloses that the insured was in bad health and had been for a long time when he applied for the policy. He was suffering from dropsy at the time he made the application and died

694

therefrom within two months after the policy was delivered to him. Based upon these facts, the trial court should have granted appellant's request for an instructed verdict and dismissed appellees' complaint.

On account of the error indicated, the judgment is reversed, and the complaint of appellees is dismissed.