STYKE, Respondent, v. SIOUX FALLS MOTOR COMPANY, Inc., et al, Appellants.

(244 N. W. 387.)

(File No. 7214.   Opinion filed October 4, 1932.)

See, also, 58 S. D. 548, 237 N. W. 775.

*T. R. Johnson,* of Sioux Falls, for Appellants.
*James O. Berdahl,* of Sioux Falls,-for Respondent.

POLLEY, J.   This controversy grows out of the following transactions and circumstances:

Plaintiff entered into a conditional sales contract with the defendant motor company for the purchase of an automobile priced in the contract at $539.36.   Under the terms of the contract the plaintiff turned in an old car valued at $65 and agreed to make two payments of $162.18 each.   In addition to the amounts provided for in the contract, the plaintiff gave to the motor company his note for $150, secured by a chattel mortgage on two milk cows and a calf.   Plaintiff defaulted in the payment of the amounts provided for in the sales contract, and the motor company repossessed the car sold to the plaintiff by an action in claim and delivery, and sold the car to satisfy the amounts provided for in the sales contract.   This is the transaction involved in Sioux Falls Motor Co. v. Styke, 58 S. D. 101, 235 N. W. 111.   None of the questions involved in that case are involved in this.

The motor company claimed that the plaintiff had defaulted in the payment of the amount secured by the chattel mortgage and foreclosed the same; plaintiff, claiming that the chattel mortgage had been satisfied, brought this action for the conversion of the said cows and the calf.   The facts relative to this transaction are as follows:   Plaintiff made a payment of $10 which he directed the defendant to apply on the $150 note.   Thereafter he made a payment of some $3.10 as interest on the note.   Thereafter the plaintiff's father, E. J. Styke, paid to one Wagner, the agent of the defendant company who negotiated the sale of the automobile to the plaintiff, the sum of $100 which plaintiff alleges was paid on condition that the defendant release the mortgage on the cows and calf.   On the payment of the said $100 the said Wagner hand-

ed to plaintiff's father the said chattel mortgage. He also gave him a receipt for the $100. When he gave E. J. Styke the chattel mortgage, he said to him: "That's the release." The receipt shows on its face that the said sum was paid on the "Arndt Styke note." That this transaction took place just as plaintiff claims it did is not disputed by the defendant, but the defendant contends that Mr. Wagner, to whom the money was paid, had no authority to make the agreement that he made with plaintiff's father, or to release the chattel mortgage, and applied the said $100, as well as the $10 that had been paid by the plaintiff, upon the conditional sales conract, so that, according to the contention of the defendant, the full amount of the $150 note was due at the time of the foreclosure. When the said Wagner handed to E. J. Styke the said chattel mortgage, E. J. Styke told Wagner to hand that to the boy (meaning the plaintiff), which was done. Plaintiff, believing he had received a release of the chattel mortgage, did not read the same, but took it away with him.

■ ■ The motor company undertook to repudiate the arrangement made with E. J. Styke by Wagner to release the chattel mortgage, but did not return, or offer to return, the said sum of $100. By the retention of this money, knowing the conditions upon which it had been paid, the motor company ratified the contract made by Wagner with E. J. Styke, and the chattel mortgage was thereby released as between the parties as effectively as though it had been satisfied and discharged of record. The taking of the said property by the motor company thereafter for the alleged purpose of foreclosing the mortgage amounted to a conversion of the property, and plaintiff brought this action against the motor company and J. H. Johnson, as sheriff, who foreclosed the mortgage, for the conversion of such property, placing its value at $335. The case was submitted to the jury upon instructions, the correctness of which neither of the parties question. The jury found in favor of plaintiff and returned a verdict for the sum of $295. Judgment was entered accordingly, and defendants appeal.

■ Error is predicated upon the ruling of the court on appellants' objection to certain questions put to one of plaintiff's witnesses, but the questions are not contained in the record; therefore we are unable to pass upon the correctness of the ruling complained of.

█ Error is predicated upon an objection made by defendants' counsel to the ruling of the court in permitting E. J. Styke to narrate to the jury the conversation that took place between him and the said Wagner at the time Styke paid him the sum of $100. This testimony was material, and was properly received by the court.

Error is predicated upon the ruling of the court in denying appellants' motion to strike from the record all of the testimony relative to the conversation that took place between E. J. Styke and the said Wagner on the ground that said conversation was hearsay and not binding upon the defendant company. This conversation was material. It was not hearsay, and it was binding upon the motor company, in the absence of a rescission on the part of such defendant when it learned of the arrangement that had been made by Wagner. There was no error in the denial of this motion.

█ Appellants contend that the court erred in entering judgment for the full amount of the verdict, claiming there should have been an allowance for the amount of the balance due on the note secured by the mortgage. There was no claim made in the answer for a set-off of any balance due on the note, nor was any proof offered to show the balance, if any, that might still be due on the note, and the court had no authority to allow any such set-off.

█ Defendants invoked the doctrine of res judicata. This has reference to Sioux Falls Motor Co. v. Styke, supra. None of the questions involved in this action were adjudicated in that action, and the contention is entirely without merit.

█ Appellants contend that plaintiff's counsel was guilty of misconduct such as to entitle them to a new trial. This contention is based upon an affidavit made by appellants' counsel from which it appears that during the argument to the jury respondents' counsel in substance said: "When I served the summons and complaint on Mr. Johnson, the sheriff, in this case, I said: 'It is too bad, Jack, that I have to sue you,' to which Jack (defendant sheriff) said: "Oh, that doesn't make any difference. If you get a judgment against me in this case I won't have to pay it. The Sioux Falls Motor Company will have to take care of it. This doesn't mean anything to me.' "

The above statement, when made, was immediately challenged by appellants' counsel, whereupon the court instructed the jury to disregard such statement. This was a sufficient admonition by the court, if any were needed, to the jury. It is not conceivable that this remark would have had any influence on the jury's verdict, and we are satisfied, especially in view of the admonition of the court, that appellants were not prejudiced.

■ And, lastly, appellants ask for a new trial on the ground of newly discovered evidence. The so-called newly discovered evidence consists of the following phrase contained in the order signed by the plaintiff when he purchased the automobile in question, to wit: "He specifically agreed that no salesman's verbal agreement would be binding on the company."

Appellants had this evidence in their possession all of the time, and could have used it had they considered it material.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.