BRONX FIRE INS. CO. v. WASSON.
No. 685.

Circuit Court of Appeals, Tenth Circuit.
Dec. 28, 1932.

Arnold C. Todd, of Wichita, Kan. (James G. Norton, Carl O. Bauman, and Julian E. Ralston, all of Wichita, Kan., and Wendell P. Barker, of New York City, on the brief), for appellant.

Roy H. Wasson, pro se, and C. H. Pugh, both of Wichita, Kan. (E. L. Foulke, of Wichita, Kan., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

This is an unusual case. A judgment was rendered upon a policy of fire insurance. The insured, at the trial, disclaimed any interest in the policy or the property insured. The policy was issued at the request of a stranger, attached to a draft and sent to a bank for collection of the premium; the insured declined to pay the draft or accept the policy; the bank, upon advice of its counsel, mailed it to the clerk of the court. Recovery was had for the benefit of materialmen whom the state court adjudged were not creditors of the insured. The judgment rendered is for some $3,000 more than the total claims of those in whose behalf recovery was sought, leaving this balance to be paid either to the insured who has disclaimed, or into the registry of the court. The trial court increased the verdict of the jury, after the jury was discharged. There are two bills of exceptions of the proceedings at one trial, an anomaly in federal procedure; yet neither incorporates the charge to the jury, as our rules require. Rule 13. Many errors are assigned. But one need be considered.

The Iago of this unusual drama is one Stoneburner, who, having played his part, vanished from the stage before the trial. He contracted to purchase some building lots in Wichita, agreeing to pay therefor the sum of $374, upon which he paid $2.00 down, the balance to be paid $1.00 a week. At his request the contract ran to one Ferdinand Schroeder of Enterprise, Kansas. There is evidence to the effect that Stoneburner had this contract made out in the name of Schroeder, a friend of his, because of difficulties Stoneburner was having with his wife; other evidence that Schroeder was interested in the enterprise. With this underlying capital investment of $2.00, the construction of an apartment house was undertaken; bills for labor and material in the sum of approxi-mately $5,000 were contracted by Stoneburner. He applied to the recording agent of appellant for a fire policy on the partially constructed building, and asked to have it issued in the name of Schroeder. The agent accepted from Stoneburner a payment of $10.00 to apply on the policy, and upon instructions from him, the agent attached the policy to a sight draft for the balance of the premium, $149.15, drawn upon Mr. Schroeder. This draft was sent to a bank at Enterprise for collection. Upon presentation, Schroeder refused to pay the draft or take up the policy. The policy remained in the files of the bank for about 14 months, when, upon advice of its counsel, it was mailed to the clerk of the trial court.

In the meantime an action was brought in the state court by mechanic's lien claimants to foreclose their liens upon the property, and for judgment against Stoneburner, Schroeder, and others. The appellant was joined in that action, the plaintiff therein alleging that a policy of fire insurance had been issued upon the property, and that the appellant was indebted to Schroeder on account thereof. It was prayed that the court restrain the appellant from paying out on said policy until the further order of the court. There were many interveners; Schroeder disclaimed in writing any interest in the property or in the policy of fire insurance; judgment was eventually rendered in the state court action against Stoneburner for the amount of the claims, foreclosing the lien upon the real estate, and barring Schroeder from any interest therein. Before judgment, however, the appellee was appointed receiver in said cause for the purpose of collecting the proceeds of the fire insurance policy. The state court also made an order upon Schroeder and his wife that they assign any interest in the policy to the receiver, which they did, qualifying the assignment with the statement that it was made in obedience to the order of the court, and "without any claim on the part of the undersigned that they have any right, title, or interest in said policy."

The receiver thereupon brought this action upon the written policy of insurance, alleging a performance of all conditions of the policy, and seeking recovery thereon. The appellant answered under oath denying the delivery of the policy of insurance, denying that Schroeder had any insurable interest in the property, denying that Stoneburner was the agent of Schroeder, and alleging that the sole and unconditional ownership provision of the policy had been violated. A "cross-

558

petition and bill in equity" was filed simultaneously, alleging that the issuance of the policy had been procured by fraud. A reply was filed, taking issue with the allegations in the answer, and alleging affirmatively that it had been decreed by the state court that Schroeder was the owner of the property in question, and that he had negotiated for a settlement of the policy after the fire.

An order was entered carving out the equitable defense pleaded in the cross-petition, which was set down for hearing before the court without a jury. At that hearing, all of the defenses were tried out, legal as well as equitable. The trial court made findings of fact upon all the issues except the amount of the damage, and transferred the case to the law docket for trial. When it came on for trial before the jury, proof was admitted of the amount of the damage; objections were sustained to offers of proof by the appellant to the effect that the policy was not delivered, on the ground that defenses tried out before the court could not be presented to the jury. The jury returned a verdict for $8,000 which the court thereafter, on motion, increased to include interest from approximately the date of the fire to the date of the verdict; judgment was also rendered, as is provided by the Kansas statutes, for fees for the attorneys for plaintiff in the sum of $1,000. The defendant appeals.

The question of whether Schroeder had any insurable interest in the property, or whether he was the sole and unconditional owner as provided by the policy, or whether these questions are foreclosed by the judgment of the state court, or whether a receiver may collect on behalf of strangers to a personal contract of insurance, need not be considered, for it is apparent that there can be no recovery in this action on a written policy of insurance, unless such policy was in force and effect. Conceding that a recording agent has the power to enter into an oral contract of insurance, and that he has the power to extend credit for the payment of the premium, and that he may have the physical custody of the policy for and on behalf of the insured, it nevertheless remains true that an agent is not required to extend credit, and that he is not required to deliver a policy unless the premium is paid. The trial court found that credit had been extended by the agent of the appellant. This is contrary to the undisputed evidence. The premium on the policy of insurance was $159.15. The agent accepted a payment of $10.00 thereon, but de-

clined to deliver the policy until the balance was paid. The agent followed the normal course where credit is not extended. He attached the policy to a sight draft, for delivery upon payment of the draft. When the draft was not paid, the policy was not delivered. It is true that the agent was charged with this policy upon the books of the company, when it was issued, but this does not bear upon the question of delivery. The fact stands out in bold relief that the agent declined to extend credit to either Stoneburner or Schroeder, and exacted a condition that the premium be paid in cash before the policy was delivered. The condition was not performed, and the policy was therefore never delivered and never in effect. The law is abundantly settled that there may be a conditional delivery of a fire insurance policy. Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 S. Ct. 189, 47 L. Ed. 261; Kerr v. Milwaukee Mechanics' Ins. Co. (C. C. A. 8) 117 F. 442; New York Life v. Mason, 151 Ark. 135, 235 S. W. 422, 19 A. L. R. 618; Cooley's Briefs on Insurance, 644.

There is another reason, equally conclusive, why recovery cannot be had upon this policy. The appellee alleged that the policy was issued pursuant to an application made by Stoneburner, the general contractor alleged to be employed by Schroeder for the purpose of constructing the building. The agency of Stoneburner was denied under oath. The burden then was upon the appellee to prove the agency. There is no such proof in the record. The only competent evidence on the subject is the categorical denial of Schroeder that he ever had any dealings of any kind with Stoneburner concerning any fire insurance upon any property in Wichita. Stoneburner did not take the stand. One witness testified that Stoneburner had said to him that he was the agent of Schroeder. It is axiomatic that an agency may not be proven by the declarations of the agent. Minner v. United States (C. C. A. 10) 57 F. (2d) 506. It is claimed that there is circumstantial evidence upon which a finding might be predicated that Stoneburner was the agent of Schroeder in the purchase of the property, and in the construction of the building. But if that be true, it does not purport to establish the agency of Stoneburner to enter into a contract of insurance for and on behalf of Schroeder. We have then nothing more than an offer by the agent to enter into a contract of insurance with Schroeder upon the payment of the premium, and Schroeder's refusal so to contract.

There is some evidence that Schroeder, accompanied by the attorney for Stoneburner, undertook to negotiate a settlement of this claim. But until there is a policy of insurance, there is no room for proof of waivers of the conditions thereof. Green v. Prudential Insurance Co., 106 Kan. 90, 186 P. 970.

There is a motion to dismiss the appeal on the ground that the order of the trial court decreeing that the equitable defense was not sustained, and transferring the case to the law docket for trial, was a final order; and that the appeal should have been taken within the statutory period after that order of transfer. That order is not a final judgment. The final judgment was that rendered upon the verdict of the jury. Under the federal practice, with certain exceptions not pertinent here, appeals may only be had from final orders. Hunt v. United States (C. C. A. 10) 53 F.(2d) 333; Satterlee v. Harris (C. C. A. 10) 60 F.(2d) 490; Cox v. Graves, Knight & Graves (C. C. A. 4) 55 F.(2d) 217; Emlenton Refining Co. v. Chambers (C. C. A. 3) 14 F.(2d) 104, certiorari denied 273 U. S. 731, 47 S. Ct. 240, 71 L. Ed. 863. Decisions of state courts, under state statutes, are therefore not pertinent. If it were otherwise, the case must still be reversed because of the refusal of the trial court to permit the appellant to show, on the trial before the jury, that the policy was not delivered, and that the conditions were breached. Only equitable defenses may be carved out for trial to the chancellor; legal defenses must be submitted to the jury.

A bill of exceptions was tendered and approved; at the same time an application of the appellee to file a supplemental statement of evidence was granted; whereupon the appellee recast the evidence already included in the bill of exceptions, filed the same, which was also approved. This is not in accord with the practice in the United States courts, although it is in accord with the practice in the Supreme Court of Kansas. Corrections in a tendered bill of exceptions, or supplements thereto, must be incorporated in a single bill of exceptions approved by the trial court. If the parties cannot agree thereon, the trial court must settle it. The growing practice of submitting to this court two bills of exceptions unnecessarily adds to the work of this court, is not in accord with the settled practice of the federal courts, and must be discontinued.

The appellant seasonably moved that the jury be instructed to return a verdict in its favor. That motion was denied. It should have been sustained. The case is accordingly reversed for further proceedings not inconsistent with this opinion.

Reversed.

COTTERAL, Circuit Judge, concurs in the result.