**SMITH et ux. v. RIO GRANDE NAT. LIFE INS. CO.**

No. 15102.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 10, 1950.

Rehearing Denied March 10, 1950.

J. O. Hughes and A. D. Solsbery, both of Fort Worth, attorneys for appellants.

Bryan, Stone, Wade & Agerton, and G. W. Parker, Jr., all of Fort Worth, attorneys for appellee.

McDONALD, Chief Justice.

This is a suit on a policy of life insurance. The plaintiff, the beneficiary named in the policy, appeals from a judgment denying him a recovery. The trial was to the court without a jury.

The insured was a boy twelve years of age, the beneficiary was his grandfather. They, as well as the soliciting agent of the insurance company, a Mrs. Dolman, all lived in Fort Worth. The written application for the insurance was taken by the agent on August 1, 1947, and the required initial premium was paid in advance. The application was accepted by appellee, the insurance company, and it mailed a written policy to its local office in Fort Worth. The policy was received in the Fort Worth office on August 9th, which fell on Saturday. The policy was dated August 11th. On August 11th, again on August 13th, and again on August 14th, Mrs. Dolman attempted to deliver the policy at the home of the grandparents, who had instructed her to deliver the policy at their home, but on each occasion she found no one at home. On August 15th the insured was injured in an automobile accident and died the same day. It is stipulated that the policy has at all times been in the possession of appellee, its agents or attorneys.

The suit is defended on the ground that the policy never went into effect because it was not delivered. The policy contains a paragraph reading as follows: "This policy shall not take effect if the Insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned; neither shall this Policy take effect until the manual delivery of this Policy and the payment of the first premium thereon."

■ The application contains a somewhat similar provision, but since it was not attached to nor made a part of the insurance policy it did not become a part of the insurance contract. First Texas Prudential Ins. Co. v. Pedigo, Tex.Com.App., 50 S.W.2d 1091.

It is admitted by appellee that the insured was in good health from August 1st to August 15th. According to the admissions made by appellee in open court, the policy was mailed to the local office in Fort Worth "for delivery to plaintiffs," and Mrs. Dolman "held the policy in her possession as custodian for Rio Grande Life Insurance Company to deliver to plaintiffs at a later date," to quote in part from such admissions.

The first portion of the quoted policy provision is to the effect that the policy will not take effect unless the insured is alive and in sound health on the date of the policy. The policy was dated August 11th, and it is admitted that he was alive and in sound health on that day. Under the last portion of the quoted provision the policy will not take effect until the first premium is paid. It is admitted that the first premium was paid in advance. The defense to the suit is thus necessarily based on the portion reading, "neither shall this Policy take effect until the manual delivery of this Policy * * *".

■ "In the absence of an express stipulation of the parties or of a provision in the application for a policy of insurance requiring the delivery of the policy, the contract of insurance may be consummated without the actual delivery of the policy, ordinarily, by the acceptance of the application and notification of the insured." 29 Am.Jur. 163.

■ But, unless it is waived, delivery is essential "where the parties agree and where the application or policy provides that the contract of insurance shall not be complete until delivery of the policy." 29 Am.Jur. 164.

The courts have held in many cases that the provision for actual delivery of the policy is one that may be waived by the insurance company or may be satisfied by something less than manual delivery of the policy into the hands of the applicant. In the latter situations the courts have usually said that there was constructive delivery. A common instance is where the insurance company mails the policy direct to the applicant. For citations of numerous cases and comments on them, involving the problem of what amounts to a delivery or an actual delivery of a policy within the express provision of a policy, see the annotations in 53 A.L.R. 492 and 145 A.L.R. 1434.

■■ As will be observed from the cited annotations, the problem has arisen in

a number of cases where the home office of the company sent the policy to a local agent for delivery to the insured. Our study of the decisions leads us to the same conclusions that are expressed as follows in the annotation in 145 A.L.R. 1434, 1447: "A great number of cases deal with the question whether a transmission of an insurance policy to the agent of the insurer amounts to a delivery to the applicant. It may be stated as a general rule, supported by the great majority of cases, that such a transmission is a constructive delivery to the applicant, within a clause in the policy requiring a delivery, or an actual delivery, in order to effect insurance, where it was the agent's duty to deliver the policy unconditionally. It should be remembered, however, that the decisions of the courts upon like, or even the same, circumstances are by no means harmonious, and that for this reason any general rule as to what, other than a manual transmission of the policy, amounts to a 'delivery,' or an 'actual delivery,' within the terms of an express provision requiring such a delivery, is not to be taken as without exception."

Somewhat similar views are expressed in the opinion in Denton v. Kansas City Life Ins. Co., Tex.Civ.App., 231 S.W. 436, and the rule announced in the quoted annotation seems also to be recognized in Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St.Rep. 813. There are expressions in the last cited case which might indicate that the court was of opinion that a provision like that found in the present policy could not postpone the effective date of a policy until the time of delivery, but there are later cases by our Supreme Court which recognize the validity and effectiveness of the delivery clauses. For examples, see Wright v. Federal Life Ins. Co., Tex.Com.App., 248 S. W. 325; American Nat. Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294, and cases cited therein.

■ Appellants suggest that a recovery ought to be allowed on the ground that appellee was negligent in failing to deliver the policy. The trial court found, from sufficient evidence we think, that there was no negligence. Furthermore, the theory of negligence as a ground of recovery has to be ruled out under the pronouncements contained in Brownwood Benevolent Ass'n v. Maness, Tex.Civ.App., 30 S.W. 2d 1114, writ refused; and Protective Mut. Ben. Ass'n v. McCuistion, 129 Tex. 245, 103 S.W.2d 138. In the last cited case it is said that delay or negligence in delivery of the policy cannot be made to control the question of whether or not at the time of the insured's death there existed a contract of insurance.

■ It is plain that the courts in many instances have been reluctant to give effect to policy provisions like the one now under consideration. But as the Supreme Court declared in Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668, the parties to an insurance contract may make it in any form they desire, unless prohibited by some statute or rule of public policy, and the fact that conditions are harsh does not affect the rule, because no one is compelled to deal with insurers on the basis of such conditions. The court said in Denton v. Kansas City Life Ins. Co., Tex.Civ.App., 231 S.W. 436, supra, referring to the delivery provision in the policy, that "this was a part of the contract. It was an agreement the parties could lawfully make, and should be enforced. To hold otherwise would be for the court to make a contract for the parties."

We do not consider it controlling that the insured was stipulated to have been in good health from August 1st to August 15th. The policy provided that it would not take effect if the insured should die before the date of the policy or if he should not then be in sound health, but it also provided, in a separate clause, that the policy should not take effect until manually delivered.

The controlling facts in Pruitt v. Great Southern Life Ins. Co., 202 La. 527, 12 So. 2d 261, 145 A.L.R. 1427, are somewhat like those in the case before us. The first premium was paid in advance. The application was accepted by the insurance company and a policy was written. The policy

was sent by mail to the local agent for delivery. The local agent received it on December 30, 1939, but he did not go to the home of the insured to deliver it until January 4, 1940. Finding that the insured had died on January 1, 1940, from gunshot wounds accidentally received on that day, the agent retained the policy and returned it to the company. It was held that the policy never became effective. The court in its opinion discussed at length the question which confronts us. In the cited case it was shown in evidence that the local agent was instructed by the company to ascertain the condition of the insured's health and not to turn the policy over to him if he had been in ill health since the date of the application. The court held that there had not been such a transmission of the policy to the agent for unconditional delivery to the insured as would amount to a constructive delivery of the policy.

In the case before us it perhaps must be said that the evidence fails to show what Mrs. Dolman's instructions were with reference to delivery or ascertainment of information before making delivery. As we see it, the case is thus brought within the rule declared in New York Life Ins. Co. v. Mason, 151 Ark. 135, 235 S.W. 422, 19 A.L.R. 618, where it was said that the burden rested upon the plaintiff to show that delivery of the policy was made by the mailing of the policy unconditionally to the local agent for delivery to the insured. There, too, the insured died of gunshot wounds after the policy was received by the local agent but before it was handed to the insured. The beneficiary was denied a recovery.

. We shall not try to harmonize all of the decisions, because we do not believe it can be done. The Texas cases, at least the more recent ones, clearly recognize the validity of the provisions which make delivery a condition precedent, and we do not see how words could be clearer or plainer than those contained in the present policy, to-wit, "neither shall this Policy take effect until the manual delivery of this Policy * * *". The parties agreed upon this provision, and we cannot disregard it unless we write for the parties a contract which they did not write for themselves.

The judgment of the trial court is affirmed.