Judy CLARK *v.* FIRST COLONY
LIFE INSURANCE COMPANY

CA 83-317                                    670 S.W.2d 470

Court of Appeals of Arkansas
Division I
Opinion delivered June 13, 1984

*Holland & Todd,* by: *Michael E. Todd;* and *Davis, Cox & Wright,* by: *Sidney P. Davis Jr.,* for appellant.

*Sam Boyce* and *Griffin Smith,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Judy Clark, contends on appeal that the trial court erred in granting summary judgment to appellee, First Colony Life Insurance Company, Inc., which had the effect of denying appellant the benefits of a $50,000.00 term life insurance policy on the life of her deceased husband. We affirm.

Philip Clark, husband of appellant, had previously been insured under a policy issued by appellee. He applied for another policy but refused it upon delivery. The first policy had lapsed for non-payment of premium.

Bill Binnion was the soliciting agent for appellee First Colony Life, and Binnion met with Clark on or about November 14, 1978, to urge him to reinstate the first policy, one for ordinary life. Clark refused, saying he couldn't afford the premium; however, Clark indicated he would accept a term policy for $50,000.00 at a lower premium. According to Binnion, Clark "may have" given him one month's premium in the amount of $24.93 in cash.

On returning to the office, Binnion was informed by the general agent for appellee that a new application would be necessary. Binnion filled out the application using information contained in the previous application for life insurance by Clark and apparently signed Clark's name to the application. The application and a partial premium payment were sent to appellee by Binnion. The term policy was issued on the life of Philip Clark by appellee on January 2, 1979, and mailed to Binnion's office on January 5, 1979. Binnion made three attempts to deliver the policy. The telephone was answered on all three occasions by appellant who informed Binnion on the first call that Clark was out of town. Binnion was informed on the second call that Clark had the flu. Appellant told Binnion on his third attempt that Clark was not available. After the third call, Binnion mailed his check for the balance of the quarterly premium in the

sum of $42.67 to appellee. Philip Clark was murdered on February 4, 1979.

Appellant argues two propositions on appeal. On the one hand, it is urged that delivery of the policy to the general agent, who in turn delivered to Binnion, the soliciting agent, amounted to constructive delivery. On the other hand, it is also urged that compliance with the condition precedent pertaining to delivery was waived because the policy was mailed to the insurer's general agent, Impaired Risk Underwriters, Inc., and the accompanying document, labeled "Policy Delivery Invoice," had a check mark ("X") under "Delivery Instructions." The sentence checked provided, "Premium of $42.67 balance of first quarterly premium." Next to this, in longhand, was inscribed, "Paid by Broker."

Appellant asserts that the effect of this transmittal, with the accompanying invoice, amounted to a waiver of the condition precedent contained in the application requiring delivery during the lifetime of the proposed insured. Actually, no argument of waiver, as such, is made in appellant's brief. The assertion is made that since the policy delivery invoice did not reiterate the requirement set forth in the application that delivery during lifetime was essential, "a substantial question of fact exists as to whether appellee ought to be bound by the policy."

Both appellant and appellee rely on *New York Life Ins. Co.* v. *Mason*, 151 Ark. 135, 235 S.W. 422 (1921). In that case, Mason had applied for a policy of insurance from New York Life Insurance Company through its agent, W. J. Humphries. The application signed by Mason contained a stipulation that the insurance should not take effect "unless the first premium is paid and the policy is delivered to me and received by me during my life time and in good health." The evidence reflected that on a Sunday, Humphries tendered the policy to Mason and Mason accepted the policy but left it, for his own convenience, in the possession of Humphries. The issue was whether or not the delivery of the policy on Sunday put the insurance into force. It was contended in the *Mason* case that the mailing of the policy from its office to its

agent, Humphries, constituted a constructive delivery. The Court in *Mason, supra,* stated: "This would be true if the policy was mailed to Humphries unconditionally for the sole purpose of delivery to the assured, but such is not the effect of the transaction if the policy was mailed to the agent of the insurer for the performance of specified duties in making the delivery of the policy." The Court further stated "[T]he burden was on the plaintiff to show that delivery was made by mailing the policy unconditionally to Humphries for that purpose." The Supreme Court reversed the decision of the trial court holding that the mailing of the policy to the agent did not constitute a constructive delivery nor put the policy into force without an actual delivery to the insured in person.

In the case at bar the application for insurance contained a similar provision that delivery of the policy was conditioned upon the insured's continued good health at the time of delivery. The appellee's general agent's contract required the general agent not to deliver the policy unless the proposed insured, at the time of delivery was, to the best of the general agent's knowledge and belief, in as good a condition of health and insurability as stated in the application for the policy. Appellant contends that appellee's only condition precedent to the delivery of the policy was the collection of the balance of the premium which was referenced to in the policy invoice to appellee's general agent. We believe the policy invoice was merely an inter-office transaction confined to the insurer and its agent and, therefore, no jury question was raised as to any waiver of good health condition on delivery.

A long line of cases decided by the Arkansas Supreme Court recognize the validity of requiring compliance with a condition precedent under which a policy must be delivered while the prospective insured is still living and in good health at the time of delivery of the policy. *John Hancock Mutual Life Ins. Co.* v. *Henson,* 199 Ark. 987, 136 S.W.2d 684 (1940); *Life & Casualty Ins. Co. of Tennessee* v. *McCrae,* 193 Ark. 890, 103 S.W.2d 929 (1937); *Pyramid Life Ins. Co.* v. *Belmont,* 177 Ark. 564, 7 S.W.2d 32 (1928).

We believe this case to be an appropriate one for the application of the summary judgment provisions authorized by A.R.C.P. Rule 56. Once a *prima facie* case of entitlement is shown, the party resisting the motion must come from behind the shield of formal allegation and meet proof with proof. *Givens* v. *Hixson*, 275 Ark. 370, 631 S.W.2d 263 (1982).

Affirmed.

MAYFIELD, C.J., and GLAZE, J., agree.